UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| CHARLES GRACIA GEER, | ) |
| | ) **Case No.** |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| CONCORD SERVICING CORPORATION | ) |
| d/b/a BLACKWELL RECOVERY, | ) **JURY DEMANDED** |
| | ) |
| Defendant. | ) |

Now comes the Plaintiff, CHARLES GRACIA GEER, by and through his attorneys, and for his Complaint against the Defendant, CONCORD SERVICING CORPORATION d/b/a BLACKWELL RECOVERY, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Green Valley, Arizona.

5.      On information and belief, Defendant is a corporation of the State of Arizona, which is not licensed to do business in Wisconsin, and which has its principal place of business in Scottsdale, Arizona.

## FACTS COMMON TO ALL COUNTS

6.      On August 23, 2006, Plaintiff filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court, Western District of Wisconsin, Case No. 06-11978.

7.      On November 28, 2006, an order of discharge was entered in Plaintiff's bankruptcy case.

8.      Beginning on or about December 1, 2014, Defendant began placing telephone calls to Plaintiff in attempts to collect an alleged debt.

9.      Said telephone calls were placed to Plaintiff by Defendant on dates which include, but are not limited to, the following (i.e., this list is not intended to be exhaustive; additional calls were placed by Defendant to Plaintiff on dates other than those listed below):

    a.  February 24, 2015 at approximately 7:38 p.m.
    b.  February 25, 2015 at approximately 7:38 p.m.
    c.  February 26, 2015 at approximately 7:38 p.m.
    d.  February 27, 2015 at approximately 7:37 p.m.
    e.  March 02, 2015 at approximately 7:40 p.m.
    f.  March 03, 2015 at approximately 7:39 p.m.
    g.  March 05, 2015 at approximately 7:39 p.m.
    h.  March 06, 2015 at approximately 7:38 p.m.
    i.  March 09, 2015 at approximately 7:38 p.m.
    j.  March 10, 2015 at approximately 7:37 p.m.
    k.  March 11, 2015 at approximately 7:38 p.m.
    l.  March 12, 2015 at approximately 7:38 p.m.
    m.  March 13, 2015 at approximately 7:42 p.m.
    n.  March 16, 2015 at approximately 7:38 p.m.
    o.  March 17, 2015 at approximately 7:40 p.m.
    p.  March 18, 2015 at approximately 7:40 p.m.
    q.  March 19, 2015 at approximately 7:40 p.m.
    r.  March 20, 2015 at approximately 7:37 p.m.
    s.  March 23, 2015 at approximately 7:38 p.m.
    t.  March 24, 2015 at approximately 7:37 p.m.

   u. March 26, 2015 at approximately 7:40 p.m.
   v. March 27, 2015 at approximately 7:37 p.m.
   w. March 30, 2015 at approximately 7:37 p.m.
   x. March 31, 2015 at approximately 7:41 p.m.
   y. April 01, 2015 at approximately 7:40 p.m.
   z. April 02, 2015 at approximately 7:36 p.m.
   aa. April 03, 2015 at approximately 7:55 p.m.
   bb. April 06, 2015 at approximately 7:37 p.m.
   cc. April 07, 2015 at approximately 7:42 p.m.
   dd. April 08, 2015 at approximately 7:53 p.m.
   ee. April 09, 2015 at approximately 7:56 p.m.
   ff. April 10, 2015 at approximately 7:48 p.m.
   gg. April 13, 2015 at approximately 7:56 p.m.
   hh. April 14, 2015 at approximately 7:48 p.m.
   ii. April 15, 2015 at approximately 7:49 p.m.
   jj. April 16, 2015 at approximately 7:38 p.m.
   kk. April 17, 2015 at approximately 7:38 p.m.
   ll. April 20, 2015 at approximately 7:37 p.m.
   mm. April 21, 2015 at approximately 7:45 p.m.
   nn. April 22, 2015 at approximately 7:57 p.m.
   oo. April 23, 2015 at approximately 7:51 p.m.
   pp. April 24, 2015 at approximately 7:54 p.m.

10. Plaintiff was previously diagnosed with high blood pressure.

11. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

12. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 above as if reiterated herein.

13. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

14. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

15. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

16. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

18. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

20. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

22.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

23.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

24.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

25.     Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

a.  Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

26.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

27.     Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

28. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

29. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

CHARLES GRACIA GEER

By:   /s/ David P. Leibowitz
       Attorney for Plaintiff

David P. Leibowitz
Arizona Attorney No. 029340

Mailing Address:
Law Solutions PLLC
79 W. Monroe Street, 5th Floor
Chicago, IL 60603
Phone: (312) 940-7445
dleibowitz@uprightlaw.com

Arizona Address:
13484 Heritage Gateway
Marana, AZ 85658
Phone: (520) 789-7646